UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEHEMIAH H+G CONSTRUCTION;
CLARENCE D. JOHNSON, JR.,

       Plaintiffs,

-against-

EPA CANADA; LABORS INTERNATIONAL UNION; SEE EARTH NORTH WEAKS POND; U.S. COAST GUARD; DEPT. BUILDINGS; PARK DIST. ST. LOUIS MISSOURI; DEF. GOV.; CHICAGO PARK DIST.; CITY OF CHICAGO AREA RESTRICTIONS; MORGAN + MORGAN LAW FIRM; UTUBE OWNERS; MAESRK SHIPPING HANDLING; CUBS OWNER; LENNAR TROUE; JERRY WAAS LAW OFFICE; MALMAN LAW; VRDOLYAK LAW OFFICE; ARKEN LAW; KEN ALLEN GROUP; COCHRAN LAW CHICAGO; JOE BIDEN; CNN NEWS REPORTERS; SUPREME COURT JUSTICES; PRISONER DIRECTORS DENVER FEDERAL; SUPREME COURT JUSTICES WASHINGTON; SUPREME COURT JUSTICES IILINOIS; POPFRANCIS PAUL CHURCHES GLOBAL; QUEEN ELIZABETH HER PASTOR,,

       Defendants.

1:22-CV-5884 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Clarence D. Johnson Jr., of Chicago, Illinois, filed this *pro se* action invoking the Court's federal question jurisdiction. He states in the relief section of his form complaint that he seeks "capital punishment" and "violence against women until death." (ECF 1, at 6.) Plaintiff asserts claims on his own behalf and on behalf of the other listed plaintiff, Nehemiah H+G Construction ("H+G"), of Ontario, California.

  By order dated September 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the

Court dismisses this action, and directs Plaintiff to show cause by declaration as to why the Court should not bar him from filing any future civil action in this court IFP without the court's leave to file.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

BACKGROUND

Plaintiff alleges that the federal constitutional or federal statutory rights of his that have been violated are: "RICO acts Church govt see UTube Owners withholding criminal evidence charge all them with conspiracy covers mothers death first December 23, 2016 [sic]." (ECF 1, at 2.) In his complaint's statement of claim, Plaintiff alleges: "Rule 9 arrest warrants + Indictments contact Alayne Frankson Wallace Senior Judge United Nations . . . . I don't talk Be careful [sic]." (*Id.* at 5.) Plaintiff seeks, in his complaint's relief section, "capital punishment" and "violence against women until death." (*Id.* at 6.) He also attaches to his complaint sheets of paper in which he randomly lists various businesses, federal entities, a hospital, postal addresses, telephone numbers, as well as random phrases. (*Id.* at 8-9.)

DISCUSSION

A.   Claims on behalf of H+G

The Court must dismiss those claims that Plaintiff asserts on behalf of H+G. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that he is an attorney, and he does not allege that H+G is a sole proprietorship. Accordingly, the Court dismisses without prejudice Plaintiff's claims that he asserts on behalf of H+G.

**B.     Claims on Plaintiff's own behalf**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims that he asserts on his own behalf rise to the level of the irrational, and there is no factual predicate or legal theory on which he can rely to state a viable claim based on these allegations, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses as frivolous Plaintiff's claims that he asserts on his own behalf. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**C.     Order to show cause**

In an order dated November 4, 2014, the court warned Plaintiff that his "repeated duplicative or frivolous litigation in this [c]ourt may result in an order barring him from filing new actions [in this court IFP] without prior permission." *Johnson v. Waton*, ECF 1:14-CV-8652, 3, at 2 (S.D.N.Y. Nov. 4, 2014). Because, by bringing this action, Plaintiff has not heeded the court's previous warning, the Court directs Plaintiff to show cause by declaration as to why the Court should not bar him from filing any future civil action in this court IFP without first obtaining permission from the court to file. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing

injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Plaintiff must file his declaration within 30 days of the date of this order, setting forth good cause as to why the Court should not impose such a filing injunction upon him. Should Plaintiff fail to file a declaration within the time directed, or should Plaintiff's declaration fail to set forth good cause as to why the Court should not impose such a filing injunction upon him, the Court will enter an order barring Plaintiff from filing any future civil action in this court IFP without first obtaining permission from the court to do so.

## CONCLUSION

The Court dismisses this action. The Court dismisses without prejudice Plaintiff's claims that he asserts on behalf of Nehemiah H+G Construction. The Court dismisses as frivolous Plaintiff's claims that he asserts on his own behalf. 28 U.S.C. § 1915(e)(B)(i).

The Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, as to why the Court should not bar him from filing any future civil action in this court IFP without first obtaining permission from the court to do so. A declaration form is attached to this order.

The Court instructs the Clerk of Court to leave this matter open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 28, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge