UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEHEMIAH H+G CONSTRUCTION;
CLARENCE D. JOHNSON, JR.,

                    Plaintiffs,

        -against-

EPA CANADA, et al.,

                    Defendants.

1:22-CV-5884 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on September 28, 2022, the Court dismissed this *pro se* action; the Court dismissed without prejudice Plaintiff Clarence D. Johnson, Jr.'s claims that he asserted on behalf of Nehemiah H+G Construction, and dismissed as frivolous the claims that Plaintiff Johnson asserted on his own behalf. (ECF 5.) The Court also directed Plaintiff Johnson to show cause by declaration, within 30 days of the date of that order, as to why the Court should not bar him from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining permission from the court to do so. (*Id.*) The Court warned Plaintiff Johnson that:

> should [he] fail to file a declaration within the time directed, or should [his] declaration fail to set forth good cause as to why the Court should not impose such a filing injunction upon him, the Court will enter an order barring [him] from filing any future civil action in this court IFP without first obtaining permission from the court to do so.

(*Id.*) On October 11, 2022, Plaintiff Johnson filed a notice of appeal. By order dated April 7, 2023, the United States Court of Appeals for the Second Circuit dismissed Plaintiff Johnson's appeal, effective April 28, 2023. *Johnson v. EPA Canada*, No. 22-2691 (2d Cir. Apr. 7, 2023).

Plaintiff Johnson has not filed a declaration as directed. Accordingly, the Court will issue the abovementioned filing bar.

## CONCLUSION

The Court hereby bars Plaintiff Johnson from filing any future civil action in this court IFP without first obtaining from the court permission to do so. *See* 28 U.S.C. § 1651. Plaintiff Johnson must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Court's Pro Se Intake Unit. If Plaintiff Johnson violates this order and files an action in this court IFP without filing a motion for permission to file, the court will dismiss the action for failure to comply with this order.

Plaintiff Johnson is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  June 28, 2023
        New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge